**McDERMOTT WILL & EMERY LLP**
CHARLES E. WEIR (State Bar No. 211091)
cweir@mwe.com
JASON D. STRABO (State Bar No. 246426)
jstrabo@mwe.com
KATE M. HAMMOND (State Bar No. 293433)
khammond@mwe.com
2049 Century Park East, Suite 3800
Los Angeles, CA  90067-3218
Telephone:   (310) 277-4110
Facsimile:    (310) 277-4730

Attorneys for Plaintiffs
EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW PITSICALIS, ROCKIN ARTWORK, LLC, PURPLE HAZE PROPERTIES, LLC, PURPLE HAZE DESIGNS, INC., and MELISSA LEMCKE,<br><br>Defendants. | CASE NO. 2:18-cv-07429-VAP (MRW)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:    January 14, 2019<br>Time:   1:30 p.m.<br>Ctrm:   8A<br><br>[Courtroom of the Honorable Virginia A. Phillips] |

Plaintiffs Experience Hendrix, LLC and Authentic Hendrix, LLC (together "Plaintiffs") and Defendants Andrew Pitsicalis, Rockin Artwork, LLC, Purple Haze Properties, LLC, Purple Haze Designs, Inc. and Melissa Lemcke (together "Defendants") hereby submit the following report pursuant to this Court's November 13, 2018 Order, the Federal Rule of Civil Procedure 26, and Local Rule 26-1.

## I. FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A. Changes in Disclosures under Rule 26(a)

The parties agree to exchange Rule 26(a) initial disclosures on or before January 21, 2019. At present, the parties do not anticipate any other changes required with regard to the form or manner of such disclosures.

### B. Discovery Subjects and Phases

All of the parties' claims and defenses will likely be the subject of discovery in this action. This is not a complex case, and the parties do not believe that discovery should be conducted in phases. The parties' view on when discovery should be completed is set forth in the proposed case schedule, which is attached as Exhibit A.

### C. Electronically Stored Information

Plaintiffs believe that this matter may appropriately be resolved through summary judgment based upon the facts and evidence already in Plaintiffs' possession. Should discovery prove necessary notwithstanding that fact, Plaintiffs believe that this case may present certain issues with the preservation of electronically stored information by Defendants. Plaintiffs base this belief upon the fact that in proceedings now pending in the United States District Court for the Southern District of New York, it has become clear in the course of discovery that certain of the Plaintiffs have destroyed material evidence. Such destruction includes the deletion by Defendant Andrew Pitsicalis of months of text messages, the installation and use of an anti-forensic software, resulting in the deletion of files from computers likely to contain discoverable matter, and the wholesale deletion of months of emails from key computer accounts. Such spoliation has

been the subject of extensive proceedings before the Southern District of New York, resulting in sanctions against certain of the Defendants. Plaintiffs anticipate that such destruction and spoliation of evidence will likewise impact discovery in this litigation. Defendants contend Plaintiffs have misrepresented the facts in this section and that the court's order speaks for itself.

### D. Privilege

The parties are not presently aware of any issues relating to claims of privilege or of protection as trial-preparation material.

### E. Changes to Limitations on Discovery

The parties do not presently believe that any changes should be made to the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

### F. Orders Under Rules 16(b), 16(c), or 26(c)

The parties anticipate that they will propose a stipulated protective order pursuant to Rule 26(c). The parties will meet and confer on the terms of such order and endeavor to present such order to the Court in stipulated form.

## II. LOCAL RULE 26-1

### A. Complex Cases

The parties agree that this is not a complex case and that the procedures of the Manual for Complex Litigation should not be applied.

### B. Motion Schedule

Plaintiffs anticipate filing a motion for summary judgment and/or motions for summary adjudication. The parties' view on the timing of non-discovery motions is set forth in the proposed case schedule below.

### C. ADR

The parties' selection of an ADR Procedure is set forth in the concurrently filed ADR Procedure Selection form.

### D. Trial Estimate

The parties estimate that the jury trial of this matter will require seven to ten court days.

### E. Additional Parties

Plaintiffs are presently unaware of the names and identifies of other individuals who may have assisted in, or may be liable for, the fraudulent transactions that form the basis for this case. Plaintiffs may seek to amend, as appropriate, to name as additional defendants any such persons or entities identified during the course of discovery in this matter.

### F. Expert Witnesses

The parties proposal regarding the timing of disclosures under Rule 26(a)(2) is set forth in the proposed case schedule, which is attached hereto as Exhibit A.

## II. PROPOSED SCHEDULE

The proposed case scheduled is attached hereto as Exhibit A.

Dated: January 7, 2019                McDERMOTT WILL & EMERY LLP

By: */s/ Jason D. Strabo*
JASON D. STRABO
Counsel for Plaintiffs
EXPERIENCE HENDRIX, LLC and
AUTHENTIC HENDRIX, LLC

| | |
|---|---|
| Dated: January 7, 2019 | LANDSBERG LAW, APC |
| | By: */s/ Ian S. Landsberg* |
| | IAN S. LANDSBERG |
| | Counsel for Defendants |
| | ANDREW PITSICALIS, ROCKIN ARTWORK, LLC, PURPLE HAZE PROPERTIES, LLC, PURPLE HAZE DESIGNS, INC., and MELISSA LEMCKE, |

I, Jason D. Strabo, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | |
|---|---|
| Dated: January 7, 2019 | McDERMOTT WILL & EMERY LLP |
| | By: */s/ Jason D. Strabo* |
| | JASON D. STRABO |
| | Counsel for Plaintiffs |
| | EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC |

DM_US 157680007-1.104846.0011

JOINT RULE 26(f) REPORT — - 4 - — 2:17-cv-07235-VAP (MRW)