MANATT, PHELPS & PHILLIPS, LLP
Charles E. Weir (Bar No. CA 211091)
cweir@manatt.com
Nicholas Frontera (Bar No. CA 307479)
nfrontera@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP
Dorothy M. Weber, Esq. (admitted *pro hac vice*)
dorothy@musiclaw.com
494 Eighth Avenue, Suite 600
New York, NY 10001
Phone: (212) 245-4580
Fax: (212) 956-6471

*Attorneys for Plaintiffs*
EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW PITSICALIS, ROCKIN ARTWORK, LLC, PURPLE HAZE PROPERTIES, LLC, PURPLE HAZE DESIGNS, INC., and MELISSA LEMCKE,<br><br>Defendants. | No. 2:18-cv-07429-VAP-MRW |

# PERMANENT INJUNCTION

Plaintiffs Experience Hendrix, L.L.C., a Washington Limited Liability Company, and Authentic Hendrix, LLC, a Washington Limited Liability Company (collectively the "Hendrix Companies" or "Plaintiffs"), having filed a fraudulent conveyance Complaint against defendants Andrew Pitsicalis, Rockin Artwork, LLC, Purple Haze Properties, LLC, Purple Haze Designs, Inc., and Melissa Lemcke (collectively, "Defendants").

**WHEREAS**, Defendant Andrew Pitsicalis entered into a Two Million ($2,000,000.00) Dollar Judgment and So Ordered Permanent Injunction in *Experience Hendrix, L.L.C., Authentic Hendrix, LLC v. Andrew Pitsicalis, Leon Hendrix, Purple Haze Properties, LLC, Rockin Artwork, LLC et al.*, U.S. District Court, Southern District of New York, Case No.: 1:17-cv-1927 (PAE) (the "SDNY Action"), whereby Pitsicalis acknowledged and judicially admitted that Jimi Hendrix's name, image, or likeness has not been and are not in the public domain; acknowledged and judicially admitted that Jimi Hendrix song titles or lyrics, or any other copyrights have been and are not in the public domain; acknowledged and judicially admitted that Jimi Hendrix trademarks have not been and are not in the public domain.

**WHEREAS**, Defendant Melissa Lemcke and Purple Haze Designs, Inc. admit having received the Injunction and Judgment entered in the SDNY Action; and

**WHEREAS**, Defendants now hereby stipulate to an injunction and judgment in favor of Plaintiffs and against Defendants based upon the Judgment being entered herein;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that injunctive relief is granted in favor of Experience Hendrix, L.L.C. and Authentic Hendrix, LLC, and that the Defendant Melissa Lemcke, Defendant Purple Haze Designs, Inc., her corporate entities, successors, assignees, designees, officers, directors, employees,

agents, partners, representatives, affiliates and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are perpetually restrained and enjoined as follows:

**PERMANENTLY ENJOINED FROM:**

1. Using the name "Jimi Hendrix", the name "Jimi", the name "Hendrix", in any configuration; using any Plaintiffs' registered or pending trademarks that incorporate the name, image or likeness of Jimi Hendrix or the words Jimi or Hendrix (hereinafter collectively "Hendrix Marks"); using any of Plaintiffs' copyrighted material (including, but not limited to, Jimi Hendrix's voice, audio recordings, film footage and/or music, or any part or portion thereof; using a song title or song lyrics written by Jimi Hendrix or performed by Jimi Hendrix or any part thereof associated with Jimi Hendrix) (hereinafter "Hendrix Copyrighted Material") or any image, likeness or signature of Jimi Hendrix, all whether claimed to be fair use or otherwise, in any manner, including but not limited to the sale, naming, identifying, offering for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service, or in connection with any goods and services;

2. Using the name and words and marks "Jimi", "Hendrix" and/or "Jimi Hendrix", including but not limited to the trademarked Jimi Hendrix signature or any script signature of any kind or nature; and/or the Jimi Hendrix signature from the album *Axis: Bold as Love* or any variation thereof in any script, in any manner, including but not limited to the sale, naming, identifying, offering for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service or business name;

3. Preparing or assisting anyone in the preparation of any interviews, books, articles, television or motion picture productions or other creation of any kind or nature whatsoever directly, or indirectly by implication, concerning or relating to Jimi Hendrix, Janie Hendrix, Al Hendrix or any Hendrix family member, including Leon Hendrix ("the Hendrix Family"), Plaintiffs, this action, any other action

between the Defendants Andrew Pitsicalis and Leon Hendrix, including, without limitation, any material concerning any person, whether or not fictional, whom any member of the public could or might associate with Jimi Hendrix, the Hendrix Family, and/or Plaintiffs (regardless of whether or not there shall appear any disclaimer purporting to dissociate such fictitious person with Jimi Hendrix, and/or Plaintiffs or the Hendrix Family);

4. Engaging or causing any third party to engage in any other activities constituting copyright infringement or trademark infringement, of every kind or nature, unfair competition, trademark dilution, trademark disparagement or any other violation of the Hendrix Marks and Hendrix Copyrighted Material listed above in paragraph 1;

5. Aiding, abetting, encouraging or inducing any third party to do any of the acts enjoined; and

6. Holding themselves out in any manner whatsoever as being licensed by, associated with, or in any manner affiliated with Hendrix or Jimi Hendrix, directly or indirectly.

**IT IS FURTHER ORDERED** that, the Plaintiffs shall not be required to post any bond with the Clerk of the Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**:

1. that this Court retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce this Injunction;

2. that the parties hereto have waived appeal from this Injunction and Judgment; and

3. that this Injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.

/ / /

/ / /

/ / /

4. As between the parties, the provisions of this Injunction shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

Dated: August 7, 2020 in Los Angeles, California

**SO ORDERED**:

_____
**Hon. Virginia A. Phillips**

## **CONSENT, WAIVER AND STIPULATION**

As between the parties, the provisions of this Injunction shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

**Melissa Lemcke**


By: _____
    Melissa Lemcke

Date: _____


**Purple Haze Designs, Inc.**


By: _____

Date: _____


**Approved as to form**:

By: _____
    Dorothy M. Weber, Esq.
    Attorney for Experience Hendrix, L.L.C. and Authentic Hendrix, LLC

Date: _____


**Approved as to form**:

By: _____
    Cindy Tran, Esq.
    Attorney for Defendants

Date: _____

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

5